**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4232**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

RODNEY CORNELIUS CLEGG,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:14-cr-00379-CCE-1)

Submitted:  November 30, 2015        Decided:  January 6, 2016

Before NIEMEYER, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  JoAnna Gibson McFadden, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Cornelius Clegg appeals his conviction following a jury trial for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012), and his resulting 37-month sentence. Clegg's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether the court erred in admitting certain evidence, whether the jury instructions were erroneous, whether the court erred in upholding the jury's verdict, and whether Clegg's sentence is reasonable. Although notified of his right to do so, Clegg has not filed a pro se supplemental brief. After careful consideration of the entire record, we affirm.

First, counsel questions whether the court erred in admitting into evidence photographs from Clegg's Facebook profile. We review evidentiary rulings for abuse of discretion and "will only overturn a ruling that is arbitrary and irrational." United States v. Hassan, 742 F.3d 104, 130 (4th Cir.) (alteration and internal quotations marks omitted), cert. denied, 135 S. Ct. 157 (2014). We conclude that the court did not abuse its discretion in admitting the challenged photographs.

Next, counsel questions whether the district court erred in instructing the jury. Clegg did not object to the instructions

in the district court, and we therefore review only for plain error. United States v. Olano, 507 U.S. 725, 731-32 (1993). The Anders brief fails to question any particular instruction and the record is devoid of any dispute about the jury instructions. Thus, we find that Clegg has failed to establish plain error.

Counsel also questions whether the court erred by upholding the jury's verdict despite Clegg's motion for acquittal. We review the denial of a motion for acquittal de novo. United States v. Said, 798 F.3d 182, 193 (4th Cir. 2015). The jury verdict must be sustained if, when "viewing the evidence in the light most favorable to the government, there is substantial evidence in the record to support the verdict." United States v. Cornell, 780 F.3d 616, 630 (4th Cir.) (internal quotation marks omitted), cert. denied, 136 S. Ct. 127 (2015). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted).

We conclude that the Government presented substantial evidence as to the disputed element of the offense. The parties stipulated to all of the elements except Clegg's knowing possession of the firearm, and the Government's photographic evidence and eyewitness testimony that Clegg possessed and

3

discharged a firearm constituted sufficient evidence on the knowing possession element. To the extent that Clegg is also challenging the court's denial of his motion for a mistrial, we have reviewed the record and conclude that the court did not err.

Finally, counsel questions whether Clegg's sentence is reasonable. We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In determining whether a sentence is procedurally reasonable, we consider whether the district court properly calculated the applicable advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Id. at 49-51. If we find no significant procedural error, we examine the substantive reasonableness of the sentence under "the totality of the circumstances." Id. at 51.

When a sentence is above the applicable Sentencing Guidelines range, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Washington, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "A major departure from the advisory range should be

supported by a more significant justification than a minor one."
United States v. Morace, 594 F.3d 340, 346 (4th Cir. 2010)
(internal quotation marks omitted).

We conclude that Clegg's sentence is both procedurally and substantively reasonable. The district court correctly calculated Clegg's Sentencing Guidelines range. The court also considered Clegg's oral objection and the parties' arguments before issuing its sentence. Further, although the court elected to vary upward by three months from the top of the applicable Guidelines range, the court's decision to vary and the extent of the variance were well-reasoned.

In accordance with Anders, we have reviewed the entire record in this case for meritorious issues and have found none. Accordingly, we affirm Clegg's conviction and sentence. This court requires that counsel inform Clegg, in writing, of his right to petition the Supreme Court of the United States for further review. If Clegg requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED